IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAY ARGENTINA, | : |
| Petitioner | : |
| | : CIVIL NO. 4:09-CV-0382 |
| v. | : Hon. John E. Jones III |
| WARDEN T.R. SNIEZEK, | : |
| Respondent | : |

## <u>MEMORANDUM</u>

June 28, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Ray Argentina ("Petitioner" or "Argentina"), an inmate presently confined at the Federal Correctional Institution- Schuylkill ("FCI Schuylkill") in Minersville, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241.  (Doc. 1.)

On April 2, 2003, Argentina was sentenced in the United States District Court for the Southern District of New York to a term of imprisonment of 324 months.  (Doc. 7-2 at 2-3, Pittello Decl., ¶ 4.)  Argentina was sentenced after being found guilty of one count of Racketeering Conspiracy; one count of Conspiracy to Commit Mail Fraud, Wire Fraud, Bank Fraud, and Fraud Against HUD; one count of

Conspiracy to Distribute and Possess with Intent to Distribute Narcotics; and one count of Distribution and Possession with Intent to Distribute Cocaine. (*Id.*) The sentencing court also imposed a $400.00 assessment against Argentina, and restitution in the amount of $586,000, both due in full immediately. (*Id.*; Doc. 7-2 at 9-15, 4/9/03 Judgment.)

In the instant Petition, Argentina alleges that the collection of payments from him by the Bureau of Prisons ("BOP") through its Inmate Financial Responsibility Plan ("IFRP") violates the schedule ordered by the sentencing judge for his payment of restitution. (*See id.* at 5-6.) He also disputes that the program is voluntary, and asserts that it amounts to "extortion of one's family" and that the BOP forces inmates to participate by imposing harsh sanctions when they refuse to sign a contract. (*See id.* at 8, 10-12.) He asks this Court to direct the BOP not to collect more than ten (10) percent of his gross in-prison income, not to exceed $15.60 per annum; refund to him all previously collected funds that exceed this amount; and adjust his IFRP contract accordingly for the remainder of his 324 month term of imprisonment. (*See id.* at 13.) He also requests that sanctions be imposed against the BOP officials who administered his IFRP contract. (*See id.*)

In a Response to the Petition, filed on April 21, 2009, Respondent asserted that the Petition should be denied because the BOP has properly utilized the IFRP to collect payments from Argentina in accordance with the intent of the sentencing court

and because it is within the BOP's discretion to impose consequences when an inmate chooses not to participate in the IFRP.  (*See* Doc. 7, Response, at 7-12.)  In the alternative, Respondent submitted that the Petition should be dismissed because Argentina's claims do not concern the fact or duration of his confinement in prison, and therefore are not cognizable in a habeas petition.  (*See id.* at 12-13.)

In a Memorandum and Order dated May 21, 2010, we determined that Argentina's challenge to the BOP's authority to set the terms of his court ordered restitution payments is properly pursued under the provisions of 28 U.S.C. § 2241.  (*See* Doc. 9.)  We acknowledged the holding in *United States v. Corley*, 500 F.3d 210 (3d Cir. 2007), that "ordering restitution is a judicial function that cannot be delegated, in whole or in part" and that therefore, a sentencing court "impermissibly delegate[s] its duty under the MVRA to schedule restitution payments to the Bureau of Prisons" when it understands from the information before it at the time of sentencing that the defendant cannot make immediate payment in full and fails to set a different schedule of payments.  (*See id.* at 5-6 (citing 500 F.3d at 225, 227-28.).)

It was unclear from the record before us whether or not the sentencing court had information about Argentina's finances at the time that indicated that he had the means to make an immediate payment.  Consequently, we directed Respondent to file a supplemental brief along with materials relating to the sentencing court's consideration of Argentina's finances at the time it directed him to make an

3

immediate payment of restitution in the amount of $586,000.  (*See id.* at 8-9.)

Pursuant to our Order, on June 4, 2010, Respondent filed a supplemental brief (Doc. 10).  Respondent asserts that the instant action should be transferred to the United States District Court for the Southern District of New York for the convenience of the parties.  (*See id.* at 4-8.)  Although Argentina was given the opportunity to file a reply to Respondent's supplemental brief pursuant to our May 21, 2010 Order, he did not do so.  For the reasons that follow, this action will be transferred to the United States District Court for the Southern District of New York.

**DISCUSSION**

Title 28 U.S.C. § 1404(a) states as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought.

28 U.S.C. § 1404(a).  The Court may apply "traditional venue considerations", including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases.  *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493-94 (1973).  As observed by Respondent, where another Member of this Court had a similar challenge presented through a section 2241 petition, it was determined that "judicial efficiency and economy would best be served by transferring the case."  *Gardner v. Williamson*, Civil No. 3:07-CV-1788, Doc. 26, 2008 WL 1752229, at *4 (M.D. Pa. April 14, 2008)

4

(Munley, J.) (citing *Verissimo v. INS*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (finding that "a habeas petition may be transferred tot he district court of the state I which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); *Wilkins v. Erickson*, 484 F.2d 969, 973 (8th Cir. 1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").).

    We adopt the same reasoning in the instant case.  The resolution of the instant Petition turns on the terms pursuant to which the sentencing court established a restitution schedule.  Argentina was sentenced in the United States District Court for the Southern District of New York.  That Court has access to the evidence that led to its sentencing and restitution determination, including evidence regarding Argentina's financial resources at the time of sentencing.  Further, as pointed out by Respondent, the probation department that likely prepared a pre-sentence report, the prosecuting office and files, and any witnesses, all are located in the jurisdiction of the sentencing court.  (*See* Doc. 10 at 7.)  Therefore, the interests of judicial efficiency and economy would best be served by transferring this case to the United States District Court for the Southern District of New York.   An appropriate Order will enter.